UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO.  08-56-HRW

ALAN H. KIRSHEN,                                              PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

ERIC C. DAVIS and
DART TRANSIT COMPANY,                          DEFENDANTS.

This matter is before the Court upon the following:

(1)     Plaintiff's Motion for Summary Judgment Against Eric Davis
        [Docket No. 59];

(2)     Plaintiff's Motion for Summary Judgment Against Dart Transit
        Company [Docket No. 58] and

(3)     Defendant Dart Transit Company's Motion for Summary Judgment
        [Docket No. 60].

The motions have been fully briefed and are ripe for consideration.

## I.    BACKGROUND

In his Complaint, Plaintiff alleges that he was assaulted by Eric Davis, who,

at the time of the alleged attack, was operating a commercial vehicle owned by

Dart Transit Company (hereinafter "Dart").  Specifically, Plaintiff alleges that on

March 28, 2007, at the Pilot fueling station in Grayson, Kentucky, Davis assaulted Kirshen without provocation, resulting in serious physical injury to Kirshen.

Plaintiff seeks summary judgment against both Eric Davis and Dart. Dart seeks judgment as a matter of law against Plaintiff.

## II.   STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure the Court must view the evidence in the light most favorable to the nonmoving party. Thus, when examining the record the Court will resolve doubts and construe inferences in favor of the nonmoving party in an effort to determine if any genuine issues of material fact exist. However, in a series of decisions commonly referred to as the "trilogy", *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the U.S. Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence  on which the jury could reasonably find for it." *Anderson,* 477 U.S. at 252. In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

The United States Court of Appeals for the Sixth Circuit has interpreted the

"trilogy" to mean that the nonmoving party must produce enough evidence, after having had a reasonable opportunity to conduct discovery, so as to withstand a directed verdict motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).

## III.   ANALYSIS

### A.    Plaintiff's Motion for Summary Judgment Against Eric Davis

In support of his dispositive motion against Eric Davis, Plaintiff argues that Davis "freely admits he assaulted and battered" him.   Thus, Plaintiff contends that he is entitled to judgment as a matter of law against Eric Davis.

Plaintiff oversimplifies this matter as it pertains to Davis.  Although in his deposition, Davis testified that he did, indeed, strike Plaintiff [Docket No. 59-2, Deposition of Eric Davis, p. 92], he also testified that  he believed that Plaintiff was coming up onto his truck to attack him [Docket 60-4, Deposition of Eric Davis, p.129].  He felt threatened.  As Davis argues that he acted in self defense, Plaintiff's claims against Davis must be resolved by a trier of fact, in this case, a jury.

In addition, there are other disputed material facts, such as whether Plaintiff did, in fact, step onto Davis' truck, which, both Plaintiff and Davis agree would be inappropriate [Docket 60-3, Deposition of Alan Kirshen, p.165].

3

Clearly, questions of material fact abound with regard to Plaintiff's claims against Eric Davis. Therefore, summary judgment is not appropriate.

**B.    Plaintiff's and Dart Transit's Cross Motions for Summary Judgment**

Plaintiff claims that Dart is liable for the acts of its employee Eric Davis [Docket No. 1-2, ¶ 16]. Plaintiff also claims that Dart negligently hired and/or retained Davis [Docket No. 1-2, ¶ 17-18].[1] Specifically, Plaintiff asserts that Davis' 1986 conviction for armed robbery and car theft and 2002 incarceration for domestic violence caused a foreseeable risk of harm to others and that Dart ignored this risk.

Under Kentucky law, an employer may be held liable for the intentional torts of its employee only where the employee's motivation or purpose "however misguided, is wholly or in part to further the [employer's] business." *See generally*, *Patterson v. Blair,* 172 S.W.3d 361 (Ky. 2005). Thus, the pertinent inquiry is whether the employee fully engaged in the business of his employer or did he step outside of the course of employment and engage in intentional conduct for his own purposes. *See Wood v. Southeastern Greyhound Lines*, 194 S.W.2d

---

[1] In his Complaint, Plaintiff alleges that Dart is vicariously liable for the actions of Davis because Dart negligently hired and/or retained Davis. Although the claim is somewhat confusing, Plaintiff appears to be claiming the direct tort of the negligent hiring and retention of Davis.

81, 115 (Ky. 1946).

In his deposition, Davis testified that in striking Plaintiff, he was defending himself [Docket 60-4, Deposition of Eric Davis, p. 133].   He further testified that Dart would not have approved of his actions [Docket 60-4, Deposition of Eric Davis, p.135].   It is clear from Davis' testimony that he was motivated by a conception of a personal wrong, not by a desire to protect the property of Dart or act on behalf of Dart in any manner.   Therefore, the alleged intentional tort was not committed within the scope of Davis' employment.   Therefore, Dart cannot be held liable in that regard.

As for Plaintiff's claim of negligent hiring and/or retention against Dart, it too lacks an evidentiary foundation.

To prove the claim of negligent hiring and/or retention under Kentucky law, Plaintiff must be able to prove that Dart "knew or should have known that [Davis] was unfit for the job" and that Dart's hiring of Davis "created an unreasonable risk of harm" to Plaintiff.  *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000).

Based upon the record, it does not appear that Davis was unfit for the job he was contracted to perform.  He was qualified by Dart's three-step process for owner-operators, which included a criminal background check.  Further, according to Andy Sievers, an expert retained by Defendant in thus regard , Davis met all of

the pertinent Federal Motor Carrier Safety Administration Regulations [Docket No. 60-6].

Plaintiff also retained an  expert, Ronald Tomasetti, to establish whether Dart was negligent in either hiring or retaining Davis. Notably, Tomasetti makes no such finding.  Rather, his report indicates that a lack of written hiring qualifications make it impossible for him to determine of Dart followed its own policies [Docket No. 60-8].

As for the risk to others,  Plaintiff appears to argue that a 16-year old felony conviction is sufficient to support a claim that Dart should have known that hiring Davis would create an unreasonable risk of harm to third parties such as Plaintiff.

Even assuming a foreseeable risk of an encore of distantly past criminal behavior, the lease of a truck to Davis did not create such a risk.  In other words, Dart did not create, provide or permit a situation in which Davis could act upon criminal impulse by driving a truck.  *Cf. Oakley v. Flor-Shin*, 964 S.W.2d 438 (Ky. App. 1998)(court found employer liable where the employer placed a female employee inside a store at night with another employee whom the employer knew had an extensive criminal history including an arrest for attempted rape).

The Court also notes that Davis operated his truck for 5 years without incident.

6

The Court finds that there is no credible evidence that Davis was unfit for the job he was hired to perform on behalf of Dart; nor were his action in striking Plaintiff foreseeable by Dart.   Therefore, Dart cannot be found liable for the negligent hiring and/or retention of Davis.

Accordingly, **IT IS HEREBY ORDERED**:

(1)    Plaintiff's Motion for Summary Judgment Against Eric Davis [Docket No. 59] be **OVERRULED;**

(2)    Plaintiff's Motion for Summary Judgment Against Dart Transit Company [Docket No. 58] be **OVERRULED** and

(3)    Defendant Dart Transit Company's Motion for Summary Judgment [Docket No. 60] be **SUSTAINED**.

A judgment in favor of  Defendant Dart Transit will be entered contemporaneously herewith.

This August 4, 2009.



**Signed By:**

**_Henry R Wilhoit Jr._**

**United States District Judge**